UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAURUS BRYANT,                                         CASE NO.:
       Plaintiff,

Vs.

CITY OF ORLANDO, a
municipal corporation; OFFICER IVAN
SUMAYANG, Badge No. 32052
in his individual Capacity and
OFFICER ANTHONY ROLAND,
Badge No. 31615 in
his individual capacity,
       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiff, TAURUS BRYANT (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel sues Defendants', CITY OF ORLANDO, a municipal corporation (hereinafter referred to as "Defendant CITY"); Officer IVAN SUMAYANG, Badge No. 32052, (herein after referred to as "Defendant, SUMAYANG") and Officer ANTHONY ROLAND, Badge No. 31615 (hereinafter referred to as "Defendant ROLAND") and herein requests judgment of this court declaring unconstitutional and unlawful certain actions of the Defendants', which resulted in Plaintiff being deprived of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution as well as other civil rights guaranteed to him under federal and state law, and seeks damages from Defendants' as compensation for the deprivation of his constitutional rights and other rights guaranteed under federal and state law, for an award of attorney's fees and authorized by law, all reasonable costs of this actions, and for any other further relief that this Court deems just and proper.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. This Court has concurrent jurisdiction for the pendant state law claims that arise out of Orange, County Florida and within the city limits of Orlando, Florida.

4. Pursuant to Fla. Stat. §768.28(6)(a), Plaintiff notified Defendant, the CITY of his claims on December 28, 2021, which is six months or more prior to filing of this action and said claims were not resolved. Plaintiff has fully complied with Fla. Stat. §768.28(6)(a), by serving notice of the claim on the Florida Department of Financial Services; Orlando Police Department; and the City of Orlando.

5. All condition precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

6. On information and belief, it is alleged that each of the named Defendants resides or are a corporation conducting business in this judicial district, with at least one defendant residing within the City of Orlando.

**PARTIES**

7. Plaintiff is presently a resident of Orange County, Florida and at all material times herein was a resident of said county.

8. Defendant, CITY OF ORLANDO, is a municipal corporation (hereinafter referred to as "CITY"), situated in Orange County, Florida and through its law enforcement

agency, the ORLANDO POLICE DEPARTMENT (hereinafter OPD) is responsible for the policies and conduct of its officers including the Defendant, SUMAYANG, and Defendant, ROLAND.

9. Defendant, SUMAYANG, is a police officer who is employed by the Orlando Police Department and the Defendant, CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in his individual capacity.

10. Defendant, ROLAND, is a police officer who is employed by the Orlando Police Department and the Defendant CITY; is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orlando, Florida and is being sued in his individual capacity.

11. The Orlando Police Department is the law enforcement agency for the CITY and is responsible for enforcing laws within the corporate city limits of Orlando, Florida.

## **GENERAL ALLEGATIONS**

12. Plaintiff, Bryant who at the time of the incident was a 46-year-old African American black male traveling in a vehicle in the area of South Kirkman Road and Raleigh Street in Orlando, Florida.

13. Defendant, Sumayang ran the plate on the vehicle that the Plaintiff was driving and the plate came back as stolen.

14. Plaintiff, Bryant stopped the vehicle and allegedly started running and Defendant, Sumayang chased the Plaintiff.

15. Defendant, Sumayang alleges in his report that the Plaintiff ran from him after the Plaintiff stopped the vehicle and got out.

16. Defendant, Sumayang alleges in his report that he ordered the Plaintiff, Bryant "On the ground!" but Bryant continued to flee from him and when he caught up to Bryant, he discharged his department issued electronic control device at Bryant's midback. Sumayang then proceeds to falsely allege the taser did not have the "desired effect on Bryant" so he discharged a second probe towards him. Then Bryant laid down and was placed in handcuffs.

17. Defendant, Officer Anthony Roland assisted Sumayang in arresting Bryant and placing him in handcuffs.

18. Defendant, Sumayang omitted from his report that he was running behind Plaintiff, Bryant with his gun in one hand and his taser in the other hand telling the Plaintiff he was going to "blow his head off", then after plaintiff was on the ground he put his gun to the back of the Plaintiff's head and neck after tasing him and repeatedly yelled at him "I will blow your head off" and then proceeded to pull the lever back on his semi-automatic handgun so that Plaintiff hear the loud click and he tells the Plaintiff, Bryant "do you hear that single action I will blow your head off". Sumayang then told Plaintiff, Bryant that "he will not feel it and he is going to die".

19. Plaintiff, Bryant was on the ground not resisting and begging for his life. Plaintiff, Bryant was begging the officer not to hurt him.

20. Defendant, Sumayang omitted all of the excessive force that was used during the arrest from his report.

21. Defendant, Roland did not intervene while Sumayang tased Bryant and used the threat of excessive deadly force against the Plaintiff's life and assisted Sumayang in carrying

out the threats by hold the Plaintiff down while Sumayang placed the gun behind the Plaintiff's head and neck.

22. Defendant, Sumayang used excessive force and committed a battery when he tased Bryant and put his gun to the back of Plaintiff, Bryant's head and neck.

23. Plaintiff, Bryant laid face down on the ground with his hands in the small of his back and Officer Sumayang and Roland handcuffed him.

24. While Plaintiff, Bryant laid face down on the ground, with his hands cuffed behind his back, Defendant, Sumayang repeatedly shoved the gun in the back of hid head and neck yelling "I will blow your head off", while Defendant, Roland assisted in holding Plaintiff, Bryant down and not intervening to stop Defendant, Sumayang from the use of excessive force.

25. Defendant, Sumayang filed a false Arrest Affidavit omitting that he was chasing the Plaintiff, Bryant with his gun and taser in each hand threatening to "blow his head off."

26. Plaintiff, Bryant was already on the ground and not resisting when Defendant Sumayang tased him and threatened to take his life.

27. The City of Orlando, by way of the Orlando Police Department have adopted a policy and procedure allowing its law enforcement officers to use excessive force to make arrest on suspects after they have apprehended the suspect.

**GENERAL ALLEGATIONS RELATING TO CIVIL RIGHTS VIOLATIONS**

28. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

29. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and

Fourteenth Amendments to the Constitution of the United States including, but not limited to the right to be free from excessive use of force by persons acting under color of state law.

30. As a direct and proximate result of the violation of plaintiff's constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

31. The conduct of Defendant, Officers, SUMAYANG and ROLAND was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

32. The conduct of Defendant, Officers, SUMAYANG and ROLAND was the result of improper training and the City of Orlando Policy and Procedures.

33. The City of Orlando has been put on notice about these policies and procedures which clearly violate citizens' constitutional rights and have failed to take action in ridding the City of Orlando Police Department of these unconstitutional procedures.

34. Some of the prior cases in which these same circumstances have occurred are *Tate v. The City of Orlando, et al.,* 6:13-cv-00072-CEH-KRS (Middle Dist. Of Florida 2013); *Montanez v. The City of Orlando, et al.,* 6:14-cv-00622-ACC-TBS (Middle Dist. Of Florida 2014); *Daley v. The City of Orlando et al.,* 6:11-cv-00758-JA-TBS (Middle Dist. Of Florida 2011); *Hazleton v. City of Orlando, et al.,* 6:10-cv-00342-CEH-DAB (Middle Dist. Of Florida 2010) ; *Chaney v. City of Orlando, et al.,* 6:04-cv-00515-ACC-KRS (Middle Dist. Of Florida 2006); and *Holloway v. City of Orlando, et al.,* 6:15-cv-129-ORL-40GJK (Middle Dist. Of Florida 2016)

## CAUSES OF ACTION

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I:  42 U.S.C. § 1983
### EXCESSIVE FORCE
(Plaintiff, TAURUS BRYANT claim against Defendant, SUMAYANG)

35. COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant SUMAYANG, in his individual capacity and in support thereof, states as follows:

36. Plaintiff realleges the allegations contained in paragraphs 1 through 26 and 29 through 31, as if fully set forth herein.

37. Plaintiff has the right under the United States Constitution to be free from the use of excessive force when officers effectuate an arrest.

38. The actions of Defendant, SUMAYANG amount to deliberate indifference to the rights of the Plaintiff to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

39. Defendant, SUMAYANG attacked the Plaintiff during the course of an arrest in in which SUMAYANG tased the plaintiff after he was already on the ground and not resisting.  Then SUMAYANG repeatedly shoved his gun in the back of the Plaintiff's head and neck and threatened to "blow his head off" then proceeds to pull the lever back on his handgun turning into single action making it easier to fire and tells the Plaintiff he will die quick.  SUMAYANG, is making these excessive deadly threats while the Plaintiff is already in custody and is begging for his life.

40. Defendant, SUMAYANG, acted with deliberate indifference to the Plaintiff's rights and as a direct and proximate result of the violation of his constitutional right to be free from the use of excessive force during an arrest, the Plaintiff suffered serious personal

injuries and is entitled to relief under 42 U.S.C. §1983. These include but are not limited to: physical inconvenience, physical scarring, pain and suffering, emotional damage, damage to his reputation, mental suffering and anguish, and all other damages associated with excessive force used against the Plaintiff.

41. Plaintiff has retained the undersigned counsel to bring this actions under 42 U.S.C. §1983 and is entitled to recover from Defendant, SUMAYANG a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, TAURUS BRYANT, prays for damages against Defendant, SUMAYANG in his individual capacity, and an award of Plaintiff's attorney's fees. In addition, Plaintiff requests punitive damages against Defendant, SUMAYANG, in his individual capacity, for his conduct, which would deter him from such tortious conduct in the future.

### COUNT II – 42 U.S.C. §1983
### FAILURE TO INTERVENE
(Plaintiff, TAURUS BRYANT claim against Defendant, ROLAND)

42. COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant ROLAND, in his individual capacity and in support thereof, states as follows:

43. Plaintiff realleges the allegations contained in paragraphs 1 through 26 and 29 through 31, as if fully set forth herein.

44. Plaintiff has the right under the United States Constitution to be free from the use of excessive force when officer effectuate an arrest.

45. Plaintiff contends that SUMAYANG violated Plaintiff's Fourth and Fourteenth Amendments to the Constitution of the United States and that ROLAND should be liable for that violation because ROLAND failed to intervene to stop SUMAYANG from violating Plaintiff's Rights.

46. ROLAND had a duty to intervene as a law enforcement officer to prevent the use of excessive force used by SUMAYANG on the Plaintiff when SUMAYANG tased the Plaintiff twice after the Plaintiff was on the ground and not resisting and then the SUMAYANG shoved his gun to the back of the Plaintiff's head and neck yelling he will blow the plaintiffs head off several time, and then pulled the slide of the gun back making the it even easier to fire the gun, and then telling the Plaintiff he will die quick.

47. ROLAND had a reasonable opportunity to intervene and instead of intervening he assisted and encouraged SUMAYANG to carry out his use of excessive force on the Plaintiff.

48. ROLAND failed to intervene, and it resulted in excessive force being used on the Plaintiff.

49. In committing the acts complained of herein, Defendant, ROLAND acted in his individual capacity by failing to intervene and allowing SUMAYANG to use excessive force on the Plaintiff. In violating Plaintiff's right to be free from the use of excessive force, the Defendant violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

50. Defendant, ROLAND took the actions complained of in this complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of the Plaintiff.

51. As a direct and proximate result of the violation of his constitutional right to be free from the use of excessive force by the Defendant, SUMAYANG, and ROLAND'S failure to intervene to prevent the use of excessive force the Plaintiff suffered injuries and special damages as alleged in this Complaint and is entitled to relief under 42

U.S.C. §1983. These damages include but are not limited to: physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, damage suffered to reputation, and all other damages associated with Plaintiff's arrest.

52. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant, ROLAND a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for damages against Defendant, ROLAND in his individual capacity, and an award of Plaintiff's attorney's fees. In addition, Plaintiff requests punitive damages against Defendant, ROLAND, for his conduct, which would deter him from such tortious conduct in the future.

## COUNT III
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
## POLICY, PRACTICE OR PROCEDURE
(TAURUS BRYANT claim against the City of Orlando Florida)

53. Plaintiffs realleges and incorporate herein by reference the allegations set forth in paragraphs 1 through 34 of this Complaint.

54. Defendant, CITY, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of the OPD to unlawfully arrest suspects and use excessive force when executing the arrest.

55. The conduct of Defendant, Officers, SUMAYANG and ROLAND was the result of improper training and the City of Orlando Policies and Procedures.

56. The City of Orlando has been put on notice about these policies and procedures which clearly violate a suspect's constitutional rights and have failed to take action in ridding the City of Orlando Police Department of these unconstitutional procedures.

57. Some of the prior cases in which these same circumstances have occurred are *Tate v. The City of Orlando, et al.,* 6:13-cv-00072-CEH-KRS (Middle Dist. Of Florida 2013); *Montanez v. The City of Orlando, et al.,* 6:14-cv-00622-ACC-TBS (Middle Dist. Of Florida 2014); *Daley v. The City of Orlando et al.,* 6:11-cv-00758-JA-TBS (Middle Dist. Of Florida 2011); *Hazleton v. City of Orlando, et al.,* 6:10-cv-00342-CEH-DAB (Middle Dist. Of Florida 2010); *Chaney v. City of Orlando, et al.,* 6:04-cv-00515-ACC-KRS (Middle Dist. Of Florida 2006) and *Holloway v. City of Orlando, et al.,* 6:15-cv-129-ORL-40GJK (Middle Dist. Of Florida 2016)

58. Defendant, CITY implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of OPD to file police reports omitting their use of excessive force in attempt to conceal it from the public.

59. The failure of the CITY to adequately train and supervise the Defendants SUMAYANG and ROLAND, amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

60. As a result of this deliberate indifference to Plaintiff's rights, Plaintiff suffered personal and physical injuries and is entitled to relief under 42 U.S.C. §1983.

61. In committing the acts complained of herein, CITY acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including,

but not limited to: a) the right to be free from the use of excessive force by persons acting under color of state law.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, CITY, exemplary damages, costs of this action, and such other and further relief as the Court deems appropriate.

## STATE LAW CLAIM

### COUNT IV
### BATTERY
(Plaintiff, TAURUS BRYANT claim against Defendant, SUMAYANG)

62. Plaintiff re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 26 and 29 through 31 of this Complaint.

63. Plaintiff avers that the actions of the Defendant breached a duty of care owed to Plaintiff to not cause him physical harm or injury, except to the extent allowed by law.

64. Plaintiff avers that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff. Defendant, SUMAYANG intentionally attacked the Plaintiff during the course of his arrest in which SUMAYANG repeatedly tased the Plaintiff and shoved his gun in the back of Plaintiff's head and neck threatening to blow the Plaintiff's head off and kill him while plaintiff was laying prone on the ground.

65. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff suffered and will continue to suffer in the future, physical inconvenience emotional damage, damage to her reputation, and expenses incurred as a result of the battery.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant, exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 24th day of August, 2023.

                                          */s/ Carlus Haynes*
                                          **CARLUS L. HAYNES, ESQUIRE**
                                          Florida Bar Number: 0935611
                                          8615 Commodity Circle Unit 6
                                          Orlando, Florida 32819
                                          Telephone: (407) 246-0077
                                          Facsimile: (407) 246-0078
                                          Email: champ@fighting4ulaw.com
                                          Attorney for PLAINTIFFS